**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Noah Duguid, *individually and on behalf of all*
*others similarly situated*,

      Plaintiff,

    v.

Facebook, Inc.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Hon. Shira A. Scheindlin

1:14-cv-09456-SAS

ECF Case

**ORAL ARGUMENT**
**REQUESTED**

**MEMORANDUM IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULES OF PROCEDURE 12(B)(2) AND 12(B)(3).**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 3

STANDARD OF REVIEW ........................................................................................ 5

ARGUMENT ............................................................................................................... 6

I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF
      PERSONAL JURISDICTION ..................................................................... 6

      A.    Subjecting Facebook to General Jurisdiction in New York Would Violate
            Due Process Because Facebook is Not "At Home" in New York. ......................... 7

      B.    New York's Long-Arm Statute Does Not Permit the Exercise of Specific
            Jurisdiction Over Facebook. ............................................................ 9

II.   THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE. ....................... 11

III.  ALTERNATIVELY, FOR THE CONVENIENCE OF THE PARTIES AND
      IN THE INTEREST OF JUSTICE, THE CASE SHOULD BE
      TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA ................ 12

CONCLUSION ............................................................................................................ 16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anadigics, Inc. v. Raytheon Co.*,
  903 F. Supp. 615 (S.D.N.Y. 1995) ........................................................................................ 15

*Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
  -- U.S. --, 134 S. Ct. 568 (2013) .......................................................................................... 5

*Bionx Implants, Inc. v. Biomet, Inc.*,
  No. 99 Cv. 740, 1999 WL 342306 (S.D.N.Y. May 27, 1999) ................................................ 15

*Branham v. ISI Alarms, Inc.*,
  No. 12-CV-1012 ARR MDG, 2013 WL 4710588 (E.D.N.Y. Aug. 30, 2013) ........................ 10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................................ 10

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
  No. 14-CV-121 JPO, 2014 WL 6077247 (S.D.N.Y. Nov. 14, 2014) ........................................ 9

*Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*,
  586 F. App'x 768 (2d Cir. 2014) ....................................................................................... 8, 9

*Daimler AG v. Bauman*,
  -- U.S. --, 134 S. Ct. 746 (2014) ................................................................................ 1, 6, 7, 8

*Dudla v. Jordan*,
  No. 1:14-CV-0889 LEK/RFT, 2015 WL 403079 (N.D.N.Y. Jan. 29, 2015)........................ 5, 12

*Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*,
  12 Civ. 6390(JPO), 2013 WL 1775440 (S.D.N.Y. Apr. 25, 2013)........................................... 5

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
  928 F. Supp. 2d 735 (S.D.N.Y. 2013) ................................................................................. 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  -- U.S. --, 131 S. Ct. 2846 (2011) ......................................................................................... 7

*Gucci Am., Inc. v. Weixing Li*,
  768 F.3d at 135 ..................................................................................................................... 9

*Gulf Ins. Co. v. Glasbrenner*,
  417 F.3d 353 (2d Cir. 2005) ............................................................................................ 5, 11

*Gusman v. Comcast Corp.*,
   No. 13CV1049–GPC (DHB), 2014 WL 2115472 (S.D. Cal. May 21, 2014)............................ 3

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*,
   959 F. Supp. 2d 476 (S.D.N.Y. 2013) ........................................................................ 3

*Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*,
   No. 14-CV-3506 SAS, 2014 WL 6682622 (S.D.N.Y. Nov. 24, 2014)................................ 7, 10

*Kramer v. Autobytel, Inc.*,
   759 F. Supp. 2d 1165 (N.D. Cal. 2010) .................................................................... 14

*Lee v. loanDepot.com, LLC*,
   No. 14-1084-MLB, 2014 WL 4145504 (D. Kan. Aug. 20, 2014) ...................................... 3

*M & M Packaging, Inc. v. Kole*,
   183 F. App'x 112 (2d Cir. 2006)............................................................................. 5

*Mazloum v. Int'l Commerce Corp.*,
   829 F. Supp. 2d 223 (S.D.N.Y. 2011) .................................................................. 6, 11

*Mendoza v. UnitedHealth Grp. Inc.*,
   No. 13-1553 PJH, 2014 WL 722031 (N.D. Cal. Jan. 6, 2014) ...................................... 3

*Passero v. Diversified Consultants, Inc.*,
   No. 13-CV-338C, 2014 WL 2257185 (W.D.N.Y. May 28, 2014) ............................................ 2

*Penguin Gr. (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010) ................................................................................... 5

*Pickens v. Am. Credit Acceptance, LLC*,
   No. CIV.A. 2:14-00201-KD, 2014 WL 4662512 (S.D. Ala. Sept. 19, 2014)............................ 3

*Roberts v. PayPal, Inc.*,
   No. C 12-0622 PJH, 2013 WL 2384242 (N.D. Cal. May 30, 2013) ........................................ 14

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009)................................................................................ 14

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir.) ................................................................................... 6, 7, 9

*Spar, Inc. v. Info. Res., Inc.*,
   956 F.2d 392 (2d Cir. 1992)................................................................................ 12

*Wahl v. Stellar Recovery, Inc.*,
   No. 14-CV-6002-FPG, 2014 WL 4678043 (W.D.N.Y. Sept. 18, 2014)................................... 3

*Zinky Electronics, LLC v. Victoria Amplifier Co.*,
  No. 09–cv–26 (JCH), 2009 WL 2151178 (D. Conn. June 24, 2009)................................. 15, 16

**Statutes**

28 U.S.C. § 1391 ........................................................................................................... 2, 5, 11, 12

28 U.S.C. § 1404(a) ....................................................................................................... 2, 13, 14, 16

28 U.S.C. § 1406(a) ...................................................................................................................... passim

47 U.S.C. § 227 ................................................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................. 2, 5, 8, 19

Fed. R. Civ. P. 12(b)(3) ..................................................................................................... 2, 15, 19

N.Y. CPLR § 301 ............................................................................................................................ 11

N.Y. CPLR § 302 ...................................................................................................................... 12, 13

## INTRODUCTION

This Court lacks jurisdiction over Defendant Facebook, Inc. ("Facebook"), a Delaware corporation with its principal place of business in California.  Plaintiff, a Montana resident, seeks to hale Facebook into New York court to defend itself against claims arising under the Telephone Consumer Protection Act.  He alleges that Facebook sent him unauthorized security alerts via text message, notifying him that a Facebook account had been accessed from an unrecognized device, but he alleges no connection between the texts and New York.  The *only* New York contact that Plaintiff points to is the fact that one of Facebook's fourteen offices in the United States is located in this District.  From this fact alone, Plaintiff assumes—but does not even bother to allege in his complaint—that New York courts have personal jurisdiction over Facebook.  That assumption is false.

As the Supreme Court made clear in *Daimler AG v. Bauman*, due process limits the forums in which a corporation can be subject to all-purpose general jurisdiction to those in which the corporation is "at home," which the Supreme Court identified as its "place of incorporation and principal place of business."  -- U.S. --, 134 S. Ct. 746, 760 (2014).   Because Facebook is not "at home" in New York under *Daimler*, it would violate due process to subject Facebook to general jurisdiction in this forum.

Nor can this Court exercise specific jurisdiction over Facebook in this action, because Plaintiff's claims are in no way related to New York.  Plaintiff (who resides in Montana) does not allege his purported injury occurred in New York, that the alleged tort was committed in New York, or that the claim otherwise arose out of Facebook's business in New York.  And, as explained herein, the security notifications at issue have no connection to New York.  For these reasons, the Court should dismiss the complaint for lack of personal jurisdiction.

The Court should also dismiss the complaint for improper venue, because not one of the three categories of venue articulated in 28 U.S.C. § 1391(b) is satisfied here.  Facebook is not a "resident" in this District because it is not subject to personal jurisdiction, *see* 28 U.S.C. § 1391(b)(1), (b)(3); *no* part "of the events . . . giving rise to the claim occurred" in New York, let alone a "substantial part," *id.* § 1391(b)(2); and the action could have been brought in at least two other districts, *see id.* § 1391(b)(3)—the Northern District of California, where Facebook is headquartered, and the District of Delaware, where Facebook is incorporated—*i.e.*, where Facebook is "at home."

Finally, even if venue and personal jurisdiction are proper, the court should transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which is more convenient because, among other reasons, the majority of the pertinent witnesses, documents and other sources of proof will be located in or around Facebook's principal place of business in Menlo Park, California, and litigating in the Northern District of California will also be more convenient for Plaintiff—a resident of Montana—who would otherwise have to travel to New York.

Accordingly, Facebook respectfully requests this Court dismiss Plaintiff's claims against Facebook under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative transfer the case to the District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] Plaintiff's claims involve questions regarding the meaning of "called party" and "automatic telephone dialing system" ("ATDS").  These are questions that are currently the subject of petitions pending before the Federal Communications Commission.  To the extent this action remains in this Court or is subsequently re-filed in another court or transferred, Facebook may move for a stay in order to allow the FCC an opportunity to opine on these issues. Numerous courts have granted similar stays.  *See, e.g.*, *Passero v. Diversified Consultants, Inc.*, No. 13-CV-338C, 2014 WL 2257185 (W.D.N.Y. May 28, 2014); *Wahl v. Stellar*

## STATEMENT OF FACTS

This case involves claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), alleging that Facebook "negligently, knowingly, and/or willfully sen[t] unauthorized automated text messages to Plaintiff's cellular phone" in violation of the TCPA. (Compl. ¶ 1.)  The text messages were sent as part of Facebook's security notification system, pursuant to which Facebook users can opt in to receive email or text message notifications when their Facebook accounts are accessed on unrecognized devices—to alert these users to potential attempts to fraudulently access their accounts.  (*See, e.g.*, Compl. ¶ 22.)

Facebook is a public company incorporated in Delaware, with its principal place of business in Menlo Park, California.[2]  A globally active entity, Facebook has over 1.39 billion monthly active users, and approximately 82.4% of its daily active users are outside the U.S. and Canada.[3]  Facebook has approximately 9,900 employees worldwide, more than half of whom work at Facebook's headquarters in Menlo Park.  (Declaration of Inez Morales ("Morales Decl."), at ¶ 4.)  In addition to its California headquarters, Facebook maintains thirteen other

---

*Recovery, Inc.*, No. 14-CV-6002-FPG, 2014 WL 4678043 (W.D.N.Y. Sept. 18, 2014); *Gusman v. Comcast Corp.*, No. 13CV1049–GPC (DHB), 2014 WL 2115472 (S.D. Cal. May 21, 2014); *Mendoza v. UnitedHealth Grp. Inc.*, No. 13-1553 PJH, 2014 WL 722031 (N.D. Cal. Jan. 6, 2014); *Pickens v. Am. Credit Acceptance, LLC*, No. CIV.A. 2:14-00201-KD, 2014 WL 4662512 (S.D. Ala. Sept. 19, 2014); *Lee v. loanDepot.com, LLC*, No. 14-1084-MLB, 2014 WL 4145504 (D. Kan. Aug. 20, 2014).

[2]  *See* Facebook, Inc. Form 10-K, for the period ending Dec. 31, 2014 (the "Facebook 2014 Form 10-K"), at p. 7, available at http://files.shareholder.com/downloads/AMDA-NJ5DZ/3969758408x0xS1326801-15-6/1326801/filing.pdf.  On a Rule 12(b) motion to dismiss, "the court may consider matters of which judicial notice may be taken."  *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 959 F. Supp. 2d 476, 490 (S.D.N.Y. 2013) *reconsideration denied*, No. 07 CIV. 10470, 2013 WL 4008632 (S.D.N.Y. Aug. 2, 2013) (internal quotations and citations omitted).

[3]  The numbers provided are as of December 31, 2014.  *See* http://newsroom.fb.com/company-info (last visited February 12, 2015).

offices in the United States, including an office in New York.[4]  The company also has more than 30 sales offices worldwide, and offices or data centers in more than 25 different countries.[5] Facebook leases space for its offices and data centers all around the world, totaling approximately three million square feet, including one million square feet for the Menlo Park headquarters.[6]

Facebook owns no real property in New York, but instead simply leases office space— totaling 137,259 square feet as of December 31, 2014.  (Declaration of David So ("So Decl."), at ¶ 5.)  The New York office is predominantly a sales and sales support office, with some technical and business staff as well.  (Morales Decl. at ¶ 7.)  Only about 7% of all Facebook employees work in the New York office.  (Morales Decl. at ¶ 6.)   In addition, Facebook does not maintain any data centers in New York.  (So Decl. at ¶ 7.)

Plaintiff acknowledges that Facebook "is a California business entity with an address of 1601 Willow Road, Menlo Park, California" (Compl. ¶ 14), but alleges nevertheless that venue is proper because Facebook "regularly conducts business in this District" and has a "corporate office located at 770 Broadway, New York, New York."  (Compl. ¶ 12).  However, he does not allege, as he must, that this Court has personal jurisdiction—general or specific—over Facebook.

Plaintiff identifies himself as a resident of Montana, (Compl. ¶ 13), and possesses a cellular phone number beginning with the area code "406".   (Compl. ¶ 20).  "406" is a local area code in Montana.[7]

---

[4]  *See* http://newsroom.fb.com/company-info (last visited February 12, 2015).

[5]  *See* Facebook 2014 Form 10-K at pp. 6, 22.

[6]  *See id.* at p. 27.

[7]  *See, e.g.*, White Pages, *Montana Area Code Map*, http://www.whitepages.com/maps/MT (last visited Feb. 5, 2015).

## STANDARD OF REVIEW

At the outset of an action, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Gr. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). A plaintiff must allege facts constituting a prima facie showing of personal jurisdiction to survive a Rule 12(b)(2) motion. *See M & M Packaging, Inc. v. Kole*, 183 F. App'x 112, 114 (2d Cir. 2006). As a part of establishing a prima facie case for personal jurisdiction over a defendant, a plaintiff must show both "a statutory basis for personal jurisdiction" and "accordance with constitutional due process principles." *Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*, 12 Civ. 6390(JPO), 2013 WL 1775440 (S.D.N.Y. Apr. 25, 2013).

Similarly, to survive a motion to dismiss for improper venue, the plaintiff must make a prima facie showing of venue where the court relies only upon the pleadings and any accompanying affidavits. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, -- U.S. --, 134 S. Ct. 568, 577 (2013). Courts "are required to construe the venue statute strictly." *Gulf Insurance*, 417 F.3d at 357. 28 U.S.C. § 1406(a) dictates that where venue is improper, courts "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." There is "no definitive test in the Second Circuit for when a district court should transfer rather than dismiss an action" pursuant to 28 U.S.C. § 1406(a). *Dudla v. Jordan*, No. 1:14-CV-0889 LEK/RFT, 2015 WL 403079, at *7 (N.D.N.Y. Jan. 29, 2015).

## ARGUMENT

### I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

There are two types of personal jurisdiction:

Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation."  By contrast, general jurisdiction exists only when a corporation's contacts with a state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State."  A court with general jurisdiction over a corporation may adjudicate *all* claims against that corporation—even those entirely unrelated to the defendant's contacts with the state.

*Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir.) (per curiam) (citations omitted), *cert. denied*, -- U.S. --, 134 S. Ct. 2888 (2014).  Plaintiff has failed to make a prima facie showing that Facebook is subject to either general or specific jurisdiction in New York.  *See Mazloum v. Int'l Commerce Corp.*, 829 F. Supp. 2d 223, 230 (S.D.N.Y. 2011) (holding that plaintiff failed to make a prima facie showing of general and specific personal jurisdiction where plaintiff alleged merely that defendant lived in New York, and did not allege that defendant's purported tortious conduct took place or caused injury in New York).  Indeed, he does not even allege that this Court has personal jurisdiction over Facebook.

The "paradigm" forums for general jurisdiction over a corporation are its "place of incorporation and principal place of business," *see Daimler*, 134 S. Ct. at 760, but New York is neither Facebook's place of incorporation nor its principal place of business.  Beyond the conclusory assertion that Facebook "regularly conducts business" in New York, Plaintiff alleges no facts showing that Facebook is otherwise "at home" in New York, and general jurisdiction is therefore not proper.  Nor does Plaintiff, a resident of Montana (Compl. ¶ 13), offer any facts showing that specific jurisdiction is proper.  He does not allege that the injury occurred in New

York or otherwise arose from Facebook's purported "business" in New York, nor does he allege any connection between his claims and New York.

Accordingly, this Court should dismiss the action pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

### A.     Subjecting Facebook to General Jurisdiction in New York Would Violate Due Process Because Facebook is Not "At Home" in New York.

In assessing personal jurisdiction, federal courts undertake a two-part inquiry:  "whether the defendant is subject to jurisdiction under the law of the forum state—here, New York"; and "whether the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution."  *Sonera*, 750 F.3d at 224 & n.2 (explaining that "[t]here is no need to address the scope of general jurisdiction under New York law" where the due process requirement is not satisfied).

To comply with due process, a court may only exercise general jurisdiction over an action unrelated to the corporation's contacts with the state where the corporation's "affiliations with the State" are "so 'continuous and systematic' as to render [it] essentially *at home* in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, -- U.S. --, 131 S. Ct. 2846, 2851 (2011) (emphasis added); *see also Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, No. 14-CV-3506 SAS, 2014 WL 6682622, at *11 (S.D.N.Y. Nov. 24, 2014) (Scheindlin, J.).  The Supreme Court recently made clear in *Daimler AG v. Bauman*, -- U.S. --, 134 S. Ct. 746, 760 (2014), that a corporation is "at home" in its "place of incorporation and principal place of business."  Only in an "exceptional case" can a corporation be found "at home" in another state.  *Id.* at 761 n.19; *see also Sonera*, 750 F.3d at 225 ("The natural result of general jurisdiction's 'at home' requirement is that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there.") (internal citations omitted).

Plaintiff does not assert, and has failed to make any showing, that Facebook is "at home" in New York. He refers to Facebook as "a California business entity with an address of 1601 Willow Road, Menlo Park, California." (Compl. ¶ 14.) As explained above, Facebook is a global company incorporated in Delaware with its principal place of business located at 1601 Willow Road, Menlo Park, California.[8] Accordingly, California and Delaware are Facebook's paradigm all-purpose forums for general jurisdiction under *Daimler*. 134 S. Ct. at 760. Plaintiff also alleges that Facebook "regularly conducts business in this District" and has a "corporate office located at 770 Broadway, New York, New York." (Compl. ¶ 12.) But, in addition to the office it operates in New York, Facebook has thirteen other U.S. offices (in ten states and the District of Columbia),[9] and offices and data centers in more than 25 countries.[10] As the Supreme Court made clear in *Daimler*, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." 134 S. Ct. at 762 n.20; *accord id.* (clarifying that "[g]eneral jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide").

Facebook's relatively minor contacts with New York do not make this an "exceptional case" in which it can be found "at home" in a place other than its principal place of business or place of incorporation. *Daimler*, 134 S. Ct. at 761 n.19; *see also Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769-70 (2d Cir. 2014) (holding plaintiff failed to make prima facie showing of general jurisdiction where plaintiff did not allege corporation "is headquartered or incorporated in New York, nor has it alleged facts sufficient to show that it is

---

[8]   *See* Facebook 2014 Form 10-K, at p. 7.

[9]   *See* http://newsroom.fb.com/company-info (last visited February 12, 2015).

[10]   *See* Facebook 2014 Form 10-K at p. 22.

'otherwise 'at home' in New York").  Facebook does not own real property in the state; it leases

space for its only office in New York.  (So Decl. at ¶¶ 4-5.)  Not one of Facebook's data centers

is located in New York.  (So Decl. at ¶ 7.)  Facebook's California headquarters is approximately

eight times larger than its office in New York, currently employing 5,618 people (more than half

of its worldwide employees) compared to New York's 704.  (Morales Decl. at ¶¶ 4-6.)

     Facebook's contacts with New York "fall short of those required to render it at home in

New York," and subjecting Facebook to "all-purpose general jurisdiction in that state would

deny it due process."  *Sonera*, 750 F.3d at 226 (holding foreign corporation's contacts in New

York insufficient to find it at home in New York); *see also Gucci Am., Inc. v. Weixing Li*, 768

F.3d at 135 (subjecting nonparty foreign bank to general jurisdiction in New York would be

inconsistent with due process where bank's contacts in New York "plainly do not approach the

required level of contact"); *Cont'l Indus. Grp.*, 586 F. App'x at 769-70  ("[I]t is clear from the

facts that general jurisdiction over [corporate defendant] would be inconsistent with due process"

where plaintiff "has not alleged that [defendant] is headquartered or incorporated in New

York."); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, No. 14-CV-121 JPO, 2014 WL

6077247, at *3 (S.D.N.Y. Nov. 14, 2014) (noting that even if defendant had an office in New

York, plaintiffs have not argued that defendant's purported office in New York is its principal

office "or otherwise would render [defendant] at home in New York").[11]

    **B.**    **New York's Long-Arm Statute Does Not Permit the Exercise of Specific
Jurisdiction Over Facebook.**

---

[11]  Because exercising general jurisdiction would be inconsistent with due process, there is no
need to inquire whether state law would authorize general jurisdiction.  The Second Circuit,
moreover, has noted that *Daimler*'s "at home" due process test may lead New York courts to
revisit the state-law requirements for general jurisdiction under New York CPLR § 301.  *See
Sonera*, 750 F.3d at 225 n.2.

Plaintiff does not assert specific jurisdiction, nor does he allege any facts that would support a finding of specific jurisdiction under New York law or as a matter of due process. *See Int'l Diamond Importers*, 2014 WL 6682622, at *6 (discussing N.Y. CPLR §§ 302(a)); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (due process allows specific jurisdiction only where "the defendant has purposefully directed his activities at residents of the forum, and the litigation [must] result[ ] from alleged injuries that arise out of or relate to those activities") (internal quotations and citations omitted).

Plaintiff does not allege any basis for concluding that the purported injury occurred in New York. *See* CPLR § 302(a)(3) (providing for specific jurisdiction over a non-domiciliary that commits a tortious act outside the state that causes injury within the state). In a TCPA action, the alleged injury occurs where the plaintiff "*received* the call[ ]." *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 ARR MDG, 2013 WL 4710588, at *6 (E.D.N.Y. Aug. 30, 2013). But the Plaintiff is, "and at all times mentioned herein was, an adult residing in Stevensville, Montana." (Compl. ¶ 13). He does not claim to have been located in New York at the time any of the text messages were received. Nor has Plaintiff provided any evidence showing that the tortious act occurred in New York. *See* CPLR § 302(a)(2) (providing for specific jurisdiction over a non-domiciliary that commits a tortious act within the state). In a TCPA action, the tortious act occurs where the defendant dialed the plaintiff's phone. *See Branham*, 2013 WL 4710588, at *6. And Plaintiff has nowhere alleged that his claim arose from Facebook's alleged transacting of business in New York. *See* CPLR § 302(a)(1) (providing for specific jurisdiction over a non-domiciliary that transacts any business within the state, or contracts anywhere to supply goods or services in the state). Not one of Facebook's data centers is located in New York (So Decl. at ¶ 7), and Plaintiff does not even allege that Facebook sent security

notifications from within New York.  In sum, there is "nothing indicating that [Facebook's] alleged tortious conduct took place or caused injury in New York." *Mazloum*, 829 F. Supp. 2d at 230 (holding that plaintiff failed to make a prima facie showing of specific jurisdiction).

Accordingly, neither New York law nor due process authorizes specific jurisdiction over Facebook.

## II.    THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE.

Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391 "because Defendant regularly conducts business in this District" and has "a corporate office located at 770 Broadway, New York, New York."  (Compl. at ¶ 12.)  This allegation is insufficient to show that the Southern District of New York is a proper venue.  Plaintiff does not even identify which of the three possible bases for venue under § 1391 he is invoking. *Cf. Gulf Insurance*, 417 F.3d at 357-358 (plaintiff failed to make prima facie case of venue where complaint did not specify in which district the contract was issued and did not "unambiguously lay[] venue in the Southern District").  Specifically, 28 U.S.C. § 1391(b) provides that a plaintiff may bring a civil action in either:  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  Here, venue is not proper under any of these three provisions, and the case should be dismissed.

Venue cannot be based on § 1391(b)(1), because as discussed *supra* this Court lacks personal jurisdiction over Facebook and therefore Facebook does not "reside" in this district. *See* 28 U.S.C. § 1391(c)(2) (for purposes of venue, a defendant corporation is deemed to reside

in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").  Nor has Plaintiff made any showing that "a substantial part of the events . . . giving rise to the claim occurred" in New York.  28 U.S.C. § 1391(b)(2).  Not one of Facebook's data centers is located in New York (So Decl. at ¶ 7), and Plaintiff does not allege that the security notifications were sent from within New York.  And there are plainly other "district[s] in which an action may otherwise be brought," 28 U.S.C. § 1391(b)(3), including the Northern District of California.

While this Court has the discretion to dismiss or, "if it be in the interest of justice," transfer a case where venue is improper, transfer is not warranted in this case.  28 U.S.C. § 1406(a); *see also Dudla*, 2015 WL 403079, at *7.  As discussed above, Plaintiff chose to file this action in a state—2,000 miles from Plaintiff's own domicile—in which Facebook is not "at home," and that lacks *any* connection to Plaintiff's claims.  Here, "[a]llowing a transfer . . . would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."  *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (dismissing action for improper venue under 28 U.S.C. § 1406(a)).  Plaintiff's lack of diligence is particularly unjustifiable "insofar as venue here did not turn on an elusive fact, but rather straightforward application of the venue provisions."  *Dudla*, 2015 WL 403079, at *7 (internal quotations and citations omitted) (dismissing action for improper venue under 28 U.S.C. § 1406(a)).  For these reasons, this Court should grant Facebook's motion to dismiss pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

## III.   ALTERNATIVELY, FOR THE CONVENIENCE OF THE PARTIES AND IN THE INTEREST OF JUSTICE, THE CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA.

Even where a court finds that personal jurisdiction and venue are proper, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Courts undertake a two-part inquiry when deciding a motion to transfer venue under § 1404(a):  courts first assess "whether the action could have been brought in the transferee district, and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (citations omitted).  In determining whether transfer is appropriate, courts consider a number of factors: "(1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice."  *Everlast*, 928 F. Supp. 2d at 743.

As discussed *supra*, Plaintiff could have filed this action in the Northern District of California, where Facebook's principal place of business is located and where it is subject to general jurisdiction.   Furthermore, an assessment of these factors in the case at hand overwhelmingly weighs in favor of transfer to the Northern District of California.  *First*, with regard to the convenience of the witness, which is "often described as the single most important factor" for transfer analysis under § 1404(a), *Everlast*, 928 F. Supp. 2d at 743, there is nothing to suggest any of the witnesses will be found in New York.  Rather, many witnesses will likely be located in or near Menlo Park, California, where more than half of Facebook's worldwide employees are located.  (Morales Decl. at ¶¶ 4-5).  *See Everlast*, 928 F. Supp. 2d at 743 (first factor weighed in favor of transfer where the pertinent witnesses, those officers and employees

13

involved in the sale of the allegedly infringing products, were "overwhelmingly based in or near Kansas, and not New York"). Certainly they are not likely to be in New York. *Second*, litigating in California would unarguably be more convenient for Facebook, the aforementioned witnesses, *and* Plaintiff himself—a resident of Montana—who would otherwise have to travel to New York. *Third*, documents and other sources of proof relevant to the security notification system at issue would likely be located at Facebook's primary place of business in Menlo Park, California. *Fourth*, the "locus of operative facts" is more likely the Northern District of California, near Facebook's headquarters, rather than New York. *Finally*, a transfer to the Northern District of California would certainly enhance the efficiency of the litigation for all these same reasons, and courts in the Ninth Circuit have extensive experience adjudicating TCPA actions involving unsolicited text messages. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010); *Roberts v. PayPal, Inc.*, No. C 12-0622 PJH, 2013 WL 2384242 (N.D. Cal. May 30, 2013).

Yet another justification for transferring the action to the Northern District of California is that the putative class, as it is defined in the Complaint, will include Facebook users, and all Facebook users have consented to jurisdiction in California, and application of California state law, by accepting Facebook's Terms and Services. Compl. ¶ 34; *see* https://www.facebook.com/legal/terms ("You will resolve any claim . . . you have with us . . . relating to this Statement or Facebook exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such claims. The laws of the State of California will govern . . . any claim that might arise between you and us . . .")

The plaintiff's choice of forum in this case should be afforded little deference.   Mr. Duguid is a resident of Stevensville, Montana, which is over two thousand miles from New York City, and nothing in the Complaint remotely suggests any connection between Plaintiff and the Southern District of New York.   The alleged injury occurred in Montana (where the text messages were received), and Plaintiff does not assert the alleged tortious activity happened in New York.

Other than the mere fact that one of Facebook's thirteen U.S. offices outside its headquarters in Menlo Park, California is found within the Southern District of New York, no other facts alleged bear any relationship to the chosen forum.   Where the "only connection between this action and the Southern District of New York . . . is that [the defendant] does business in New York," as is the case here, "the court need not give great weight to plaintiff's choice of forum."   *Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 617 (S.D.N.Y. 1995) (holding factors weighed in favor of transferring action to Massachusetts).   Further, "when a plaintiff's claims are nationwide," as they would be in a class action against a global service provider like Facebook, "the mere fact that a plaintiff selects one forum over others does not, without more, entitle the plaintiff's choice to controlling weight."   *Zinky Electronics, LLC v. Victoria Amplifier Co.*, No. 09–cv–26 (JCH), 2009 WL 2151178, at *4 (D. Conn. June 24, 2009). The only other possible reason Plaintiff may have had for selecting this forum is for the convenience of Plaintiff's counsel, whose offices are located in Stamford, Connecticut, and that can provide no basis for judicial deference to a choice of venue.   *See, e.g.*, *Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Cv. 740, 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999) (finding "convenience of counsel is not a consideration in the transfer analysis"); *Zinky*, 2009 WL

2151178, at *4 ("It is well-established . . . that the location of plaintiff's counsel is not a factor to be considered in the section 1404(a) analysis.")

Accordingly, if the Court finds personal jurisdiction over Facebook and proper venue, the Court should exercise its discretion and transfer this action to the Northern District of California.

## CONCLUSION

For all the foregoing reasons, the Court should grant Defendant's motion to dismiss under Rule 12(b)(2), Rule 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, transfer the action to the Northern District of California under 28 U.S.C. § 1404(a).

Dated:  New York, New York                Respectfully submitted,
   February 13, 2015
             Kirkland & Ellis LLP


             By: /s/ Andrew B. Clubok
                  Andrew B. Clubok

             Andrew B. Clubok
             Susan E. Engel
             Kristen Sheffield-Whitehead
             Carrie J. Bodner
             KIRKLAND & ELLIS LLP
             601 Lexington Avenue
             New York, New York 10022
             Telephone: (212) 446-4800
             Facsimile: (212) 446-4900

             *Attorneys for Defendant Facebook, Inc.*